**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-C-3658 |
| | ) | Judge Milton I. Shadur |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| SALTON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated as of December 19, 2005 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of himself and each of the Class Members), by and through his counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

### I. THE LITIGATION

This action was filed in the United States District Court for the Northern District of Illinois, Eastern Division, as a securities class action on behalf of purchasers of Salton, Inc. ("Salton") securities during the period November 11, 2002 and May 11, 2004, inclusive (the "Class Period") (the "Litigation").

On December 10, 2004, the Court appointed Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, and approved his selection of Miller Faucher and Cafferty LLP, ("Miller Faucher") and Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as Lead Counsel.

The operative complaint in the Litigation is the Class Action Complaint (the "Complaint"), filed May 26, 2004. The Complaint alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of Salton securities between November 11, 2002 and May 11, 2004.

On October 17, 2005, the Court entered the parties' Agreed Order for Class Certification. In addition, Lead Plaintiffs conducted substantial third party discovery. The Litigation alleges that Defendants issued false and misleading information to Salton's stockholders and the investing public regarding the Company's financial condition. Defendants deny these allegations and deny that Lead Plaintiff or the Class suffered damages.

On November 15, 2005, the parties engaged in a mediation before the Court, and reached an agreement in principle to settle the Litigation on the terms set forth herein.

## II.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation, and the Defendants expressly have denied and continue to deny that they have committed any violation of law or engaged in any wrongful act, whether as alleged or otherwise. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Class has suffered damage, that the price of Salton securities was artificially inflated by reasons of alleged

2

misrepresentations, non-disclosures or otherwise, and that the Lead Plaintiff or the Class was harmed by the conduct alleged in the Complaint. Specifically, Defendants believe that Salton disclosed all material information about the Company's financial situation during the Class Period, that Lead Plaintiff has not adequately alleged the requisite intent to defraud and the Lead Plaintiff has not adequately alleged loss causation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants are entering into this Stipulation solely because the settlement would eliminate the burden, distraction and expense of further litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. The Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. The Lead Plaintiff also is mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. The Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. The Lead Plaintiff and Plaintiff's Settlement Counsel, having made a thorough investigation of the facts, have determined that the settlement set

3

forth in this Stipulation is fair, reasonable and adequate in the best interests of the Lead Plaintiff and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for himself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4    "Class" means all Persons who purchased Salton securities during the period from November 11, 2002 through May 11, 2004, inclusive. Excluded from the Class are Defendants, members of the immediate family of the Individual Defendants, the directors, officers, subsidiaries and affiliates of Salton, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has an interest which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly request

4

exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.5     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.4 of the Stipulation.

1.6     "Class Period" means the period November 11, 2002 through May 11, 2004, inclusive.

1.7     "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.8     "Defendants" means Salton, Inc., Leonhard Dreimann and David M. Mulder.

1.9     "Effective Date" means the first date by which all of the events and conditions specified in 7.1 of the Stipulation have been met and have occurred.

1.10    "Escrow Agent" means Miller Faucher and Cafferty LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.11    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the

5

determination of that motion or the determination of or dismissal of the appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.12 "Individual Defendants" means Leonhard Dreimann and David M. Mulder.

1.13 "Judgment" means the final, appealable judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14 "Lead Plaintiff" means Warren Beeler.

1.15 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "Plaintiff's Counsel" means any counsel who have appeared on behalf of the Lead Plaintiff in the Litigation.

1.17 "Plaintiff's Settlement Counsel" means: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, California, 92101; Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Samuel H. Rudman, 200 Broadhollow Road, Suite 406, Melville, NY 11747; and Miller Faucher and Cafferty LLP, Marvin A. Miller and Jennifer W. Sprengel, 30 North LaSalle Street, Suite 3200, Chicago, Illinois 60602.

6

1.18    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.19    "Preliminary Approval" means the Court's order preliminarily approving this Stipulation and establishing a schedule for Notice and further proceedings, as set forth in Section 3 below.

1.20    "Related Parties" means the Defendants or any of their families, all corporations and partnerships controlled directly or indirectly by them, and its and their parent entities, affiliates or subsidiaries and each and all of their respective past, present or future directors, officers, employees, consultants, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, heirs, executors, personal or legal representatives, and its and their family members, estates, administrators, predecessors, successors, parents, subsidiaries, divisions, joint ventures and assigns.

1.21    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.25 hereof), demands, rights, liabilities, actions and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, that have been or might have been asserted in the Litigation, including, without limitation, claims for negligence, gross negligence, omissions, breach of duty of care and/or breach of any other duty, fraud, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiff or any Class Member against the Defendants or their Related Parties arising out of, based upon or related in any

7

way to the following: (a) the purchase of Salton Securities by the Lead Plaintiff or any Class member during the Class period and the allegations set forth or that could have been set forth in the Litigation by the Lad Plaintiff; and (b) any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation.

1.22 "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

1.23 "Settlement Fund" means the principal amount of Three Million Dollars ($3,000,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to paragraph 2.1 of this Stipulation, plus all interest earned thereon pursuant to paragraphs 2.1, 2.2 and 2.6.

1.24 "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and all Class Members.

1.25 "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory or province of the United States or Canada, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for by the Defendants and is a key element of the settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1     The principal amount of $3,000,000.00 in cash shall be transferred by or on behalf of Defendants to the Escrow Agent as follows: (a) the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) the later of eight (8) days after the Court enters an Order granting preliminary approval of this Stipulation of Settlement and directing that Notice be sent to the Class or January 21, 2006; and (b) Salton, Inc. shall pay the sum of Five Hundred Thousand Dollars

9

($500,000) not later than July 16, 2007. If the agreed upon sums are not so transferred, the portion not transferred shall bear interest at six percent (6%) per annum from the date due until such amount is transferred to the Escrow Agent. In addition, the Court, on notice to Defendants, shall enter Judgment against Salton, Inc. for the amount owed, together with reasonable attorneys' fees and costs incurred to enforce collection of the unpaid amount.

### b. The Escrow Agent

2.2     The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund, and any losses shall not be recoverable from the Defendants or their Related Parties, and Defendants and their Related Parties shall have no responsibility for the Escrow Agent's performance.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be fully distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     The Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may be used by Plaintiff's Settlement Counsel to pay costs and expenses reasonably and actually incurred in

10

connection with providing notice to the Class. Any amounts not so used shall remain part of the Settlement Fund.

### c. Taxes

2.7 (a) Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of Treas. Reg. §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c) All: (a) Taxes (including any estimated Taxes, interest or penalties) arising either with respect to the Settlement Fund or income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their Related Parties either with respect to the Settlement Fund or any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for

11

federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund, including those which may be imposed upon the Defendants or their Related Parties either with respect to the Settlement Fund or any income earned by the Settlement Fund; in no event shall the Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification), and no person shall have any claim against Defendants or their Related Parties with respect thereto. Further, all Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2); neither the Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include any earnings thereon.

12

### d. Termination of Settlement

2.8     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing in connection with the settlement provided for herein shall be refunded pro rata to the entities contributing to the Settlement Fund, as provided in ¶7.3 below.

### 3. Notice Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, inter alia, the Preliminary Approval of the settlement set forth in the Stipulation and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto and publication of a summary notice substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

3.2     Plaintiff's Settlement Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiff's Settlement Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4. Releases

4.1     Upon the Effective Date, as defined in ¶1.9 hereof, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form. By

13

entering this Stipulation, the Lead Plaintiff represents and warrants that he has not assigned, hypothecated, transferred, or otherwise granted any interest in the Released Claims, or any of them, to any other party or entity.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons, in accordance with and shall be substantially in the form contained in Exhibit A-2 hereto.

4.3     Upon the Effective Date, as defined in ¶1.9 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

5.     **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiff's Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof; and

14

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiff's Settlement Counsel shall, if feasible, reallocate such balance among

Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7     This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Salton, its insurers or any other contributors. The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against the Escrow Agent, Plaintiff's Settlement Counsel, the Claims Administrator or other entity designated by Plaintiff's Settlement Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

6.     **Plaintiff's Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1     Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees

16

from the Settlement Fund; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). The determination as to the amount of any fees, disbursements, and reimbursement of litigation expenses, and interest to be awarded, will be made by the Court. Plaintiff's Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiff's Settlement Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiff's Settlement Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiff's Counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiff's Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiff's Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Plaintiff's Counsel for attorneys' fees and expenses, including the fees of experts and consultants,

17

to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiff's Counsel over and above payment from the Settlement Fund.

6.5     Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

7.     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made their contribution to the Settlement Fund in the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) as required by ¶2.1;

(b)     Defendants have confirmed in writing that they will not exercise their option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

18

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto; and

(e)    the Judgment has become Final, as defined in ¶1.11 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiff's Settlement Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Plaintiff's Settlement Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Class Notice and Administration Fund, plus the Fee and Expense Award (pursuant to paragraph 6.2 hereof) shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel and Defendants' insurers. In such event, Plaintiff's Settlement Counsel shall provide Defendants' Counsel with an accounting of any and all funds not returned. At the request of counsel to the Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of counsel to the Defendants.

19

7.4     In the event that the Stipulation is not approved by the Court, or an appeal from the approval thereof precludes the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation, or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 15, 2005. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 6.2, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc. No order of any Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or Plaintiff's Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of shares of Salton securities purchased by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate "Supplemental Agreement" between the

Settling Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

### 8. No Admission of Wrongdoing

8.1     This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)     offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)     offered or received against any Defendant as evidence of a presumption, concession, of admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiff and the Class as evidence of any infirmity in the claims of the Lead Plaintiff and the Class;

(c)     offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

21

(d)   construed against Defendants or the Lead Plaintiff and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.   Miscellaneous Provisions**

9.1   The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to use their best efforts to cause the timely occurrence of all events, transactions or other circumstances described herein; and (c) to generate all such deeds, documents and writings as may be necessary to carry out the intent of this Stipulation.

9.2   The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment entered by the Court will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3   Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, with respect to any action, suit or proceeding instituted, prosecuted or attempted

22

against the Defendants and/or their Related Parties. The Settling Parties agree that in any such proceeding seeking any form of remedy for any Released Claims, any court of competent jurisdiction may enter an injunction restraining prosecution of such proceeding.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     Except as provided in ¶9.4, the Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

9.8     Plaintiff's Settlement Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

9.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, executors, administrators and assigns of the Settling Parties and their Related Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.13    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.14    The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, extend, or describe the scope of this Stipulation or the intent of any provision hereof.

9.15    No press announcement or press release, other than as may be required by the Court, the terms of this Stipulation or as may be required by law, shall be made by the Settling Parties without the prior approval of the other Settling Party except that Plaintiff's Counsel may post on their firms' websites, a copy of the Notice approved by the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of December 19, 2005.

Marvin A. Miller
Jennifer W. Sprengel
Matthew E. Van Tine
MILLER FAUCHER and CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
(312) 782-4880 (telephone)
(312) 782-4485 (facsimile)

24

Samuel H. Rudman
Evan Kaufman
LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
200 Broadhollow Road, Suite 406
Melville, New York 11747
(631) 367-7100 (telephone)  .
(631- 367-1173 (facsimile)

Ellen Gusikoff Stewart
LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058 (telephone)
(619) 231-7423 (facsimile)

*Attorneys for Plaintiff*

Harold Hirshman
by John Clark

_____

Harold Hirshman
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
876-8000 (telephone)
876-7934 (facsimile)

**Attorneys for Defendants**

25

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-C-3658 |
| | ) | Judge Milton I. Shadur |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SALTON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, this class action, entitled *Beeler v. Salton, Inc., et al.*, Case No. 04-CV-3658 (the "Litigation") is pending before the Court;

WHEREAS, the Court has received the Stipulation of Settlement dated as of December 19, 2005 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with

- 1 -

prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on March 17, 2006, at 9:30 a.m., at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiff's Counsel in the Litigation. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

- 2 -

4.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Defendants, at their expense, shall cooperate with Plaintiff's Settlement Counsel and the Claims Administrator to provide transfer agent information which identifies the names and addresses of the Class.

(b)     Not later than February 7, 2006 (the "Notice Date"), Plaintiff's Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(c)     Not later than February 10, 2006, Plaintiff's Settlement Counsel shall cause the Summary Notice to be published once in *Investors' Business Daily*; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Plaintiff's Settlement Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.     Nominees who purchased Salton securities during the period beginning November 11, 2002 through November 11, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Salton securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiff's Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement

Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6.    All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.    Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be received no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8.    Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

9.    Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

10.    Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiff's Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement,

- 4 -

or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiff's Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before March 10, 2006, by: Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101; Jennifer W. Sprengel, Miller Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, Illinois 60602; and Harold Hirshman, Sonnenschein Nath & Rosenthal LLP, 8000 Sears Tower, 233 South Wacker Drive, Chicago, Illinois 60606 and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on or before March 10, 2006. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be fully distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All papers in support of the settlement, the Plan of Allocation, and the application by Plaintiff's Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

13. Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

- 5 -

14.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

15.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____          _____
                                          MILTON I. SHADUR
                                          UNITED STATES DISTRICT JUDGE

- 6 -

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-C-3658 |
| | ) | Judge Milton I. Shadur |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SALTON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

*IF YOU PURCHASED SALTON, INC. SECURITIES BETWEEN NOVEMBER 11, 2002 AND MAY 11, 2004, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court in the United States authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** Salton, Inc. ("Salton ) securities purchased between November 11, 2002 and May 11, 2004.

**Settlement Fund:** $3,000,000 in cash. Your recovery will depend on type and amount of security purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those share were purchased and sold, the

- 1 -

estimated average recovery per share will be approximately $0.277 per common share and $1.636 per Note before deduction of court-approved fees and expenses.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery. Although Lead Plaintiff's counsel deem that the claims asserted are meritorious and that they will prevail at trial, they have learned through discovery of Defendants' inability to pay a large judgment. As a result, Lead Plaintiff's counsel believe that the settlement amount represents a fair recovery for the Class.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides do not agree on the amount of money that could have been won if Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether Salton securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiff were materially false or misleading; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of Salton securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Counsel in the Litigation will ask the court for attorneys' fees not to exceed 22.5% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $200,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per common share will be $0.07 and $0.47 per Note. Plaintiff's Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiff and the Class.

**Deadlines:**

Submit Claim to be **received** not later than: **July 17, 2006**

Request Exclusion to be **received** not later than: **March 10, 2006**

- 2 -

File Objection to be **received** not later than:      **March 10, 2006**

**Court Hearing on Fairness of Settlement:**      **March 17, 2006**

**More Information:** www.gilardi.com or

Claims Administrator:            Plaintiffs' Counsel:

Gilardi & Co. LLC                Rick Nelson
P.O. Box 8040                  Shareholder Relations
San Rafael, CA 94912           Lerach Coughlin Stoia Geller
                                    Rudman & Robbins LLP
                                    655 West Broadway, Suite 1900
                                    San Diego, CA 92101

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**      The only way to get a payment.

**EXCLUDE YOURSELF**      Get no payment. This is the only option that allows you to

                                   participate in another lawsuit against the Defendants relating to

                                   the legal claims in this case.

**OBJECT**      You may write to the Court if you don't like this settlement.

**GO TO A HEARING**      You may ask to speak in Court about the fairness of the

                                   settlement.

**DO NOTHING**      Get no payment.

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased securities of Salton between November 11, 2002 and May 11, 2004.

The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the case in the United States is the United States District Court for the Northern District of Illinois, Eastern Division, and the case is known as *Beeler v. Salton, Inc., et al.*, Case No. 04-CV-3658. The person who sued is called the Lead Plaintiff, and the company and the individuals he sued, Salton, Leonhard Dreimann and David M. Mulder, are called the Defendants.

### 2.    What Is This Lawsuit About?

This case was brought as a class action alleging that the Defendants issued false and misleading information to Salton's stockholders and the investing public regarding the Company's financial condition resulting in the artificial inflation of the price of Salton securities between November 11, 2002 and May 11, 2004. Defendants deny that they did anything wrong. Defendants also deny the allegations that the Lead Plaintiff or the Class has suffered damage or that the price of Salton securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise.

-4-

### 3. Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Lead Plaintiff, Warren Beeler) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court will resolve the issues for all Class Members except for those who exclude themselves from the Class. Judge Shadur is in charge of this class action.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make a valid claim will get compensation. The Lead Plaintiff and his attorneys think the settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Settlement Class includes *all persons who purchased Salton securities between November 11, 2002 and May 11, 2004, except those persons and entities that are excluded, as described below.*

### 6. What Are The Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a member of the immediate family of one of the individual defendants listed in question 1, an entity in which any Defendant has or had a controlling interest, a current or former director or officer of Salton or a legal representative, heir, successor or assign of any excluded party.

If you sold Salton securities between November 11, 2002 and May 11, 2004, that alone does not make you a Class Member. You are a Class Member only if you *purchased* Salton securities between November 11, 2002 and May 11, 2004.

### 7. I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619/231-1058 for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay $3,000,000 in cash to be divided among all eligible Class Members who send in valid claim forms, after payment of court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

### 9. How Much Will My Payment Be?

Your share of the fund will depend on the number of valid claim forms that Class Members send in and how many shares of stock or Notes you purchased during the relevant period and when you bought and sold them. A claim will be calculated as follows:

### Common Stock

For shares of Salton common stock that were purchased or otherwise acquired from November 11, 2002 through May 10, 2004, and

a) sold prior to May 11, 2004, the claim per share is $0.00.

b) retained at the end of May 10, 2004, the claim per share is the smaller of two numbers (i) the purchase price less $3.35 (Closing price on May 11, 2004) or (ii) $3.34.

- 6 -

The payment you get will reflect your pro rata share after deduction of court-approved fees and expenses. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery will be approximately $0.27 for each common share before deduction of court-approved fees and expenses. The number of claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in a claim form, you could get more money.

### 10.75% Notes Due December 15, 2005 ("10.75% Notes")

For the 10.75% Notes that were purchased or otherwise acquired from November 11, 2002 through May 10, 2004 and

a) sold prior to May 11, 2004, the claim per $1,000 par value 10.75% Note is $0.00.

b) retained at the end of May 10, 2004, the claim per $1,000 par value 10.75% Note is the smaller of two numbers (i) the purchase price less $605.00 (Closing Price on May 11, 2004) or (ii) $245.00.

### 12.25% Notes Due April 15, 2008 ("12.25% Notes")

For the 10.75% Notes that were purchased or otherwise acquired from November 11, 2002 through May 10, 2004 and

a) sold prior to May 11, 2004, the claim per $1,000 par value 12.25% Note is $0.00.

b) retained at the end of May 10, 2004, the claim per $1,000 par value 12.25% Note is the smaller of two numbers (i) the purchase price less $650.00 (Closing Price on May 11, 2004) or (ii) $150.00.

The payment you get will reflect your *pro rata* share after deduction of court-approved fees and expenses. Depending on the number of eligible Notes that participate in the settlement and when those Notes were purchased and sold, the estimated average recovery will be approximately $1.636 for each Note before deduction of court-approved fees and expenses. The number of

- 7 -

claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in a claim form, you could get more money.

Please note that the recovery for the Notes shall not exceed 15% of the Settlement Fund.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope so that it is **received** no later than July 17, 2006.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on March 17, 2006 at 9:30 a.m. to decide whether to approve the settlement. If the Court approves the settlement, there may be an appeal. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to his, her or its claim. Please be patient.

### 12.    What Am I Giving Up to Get a Payment or Stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue or be part of any other lawsuit against the Defendants about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.     How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class. Write to *Beeler v. Salton, Inc., et al.*, Case No. 04-CV-3658, at the address below. You must include your name, address, telephone number, your signature, and the number and type of Salton securities you purchased between November 11, 2002 and May 11, 2004, the number and type of shares or Notes sold during this time period, if any, and the dates of such purchases and sales. You must mail your exclusion request so that it is **received** no later than March 10, 2006 to:

> *Salton Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is March 10, 2006.

### 15. If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, do not send in a claim form. But you may sue, continue to sue or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court appointed the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Miller Faucher and Cafferty LLP to represent you and other Class Members in the Litigation.

These lawyers are called Lead Counsel or Plaintiff's Settlement Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Plaintiff's Settlement Counsel will ask the court for attorneys' fees. Counsel in the Litigation will request attorneys' fees of 22.5% of the Settlement Fund and for reimbursement of their out-of-pocket expenses up to $200,000, which were advanced in connection with the Litigation. Such sums as maybe approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Settlement Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiff's Settlement Counsel have not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and the Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Plaintiff's Settlement Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

- 10 -

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 18. How Do I Tell the Court that I Don't Like the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object in the Litigation, you must send a letter saying that you object to the settlement in *Beeler v. Salton, Inc., et al.*, Case No. 04-CV-3658. Be sure to include your name, address, telephone number, your signature, the number of shares of Salton securities purchased and sold between November 11, 2002 and May 11, 2004, and the reasons you object to the settlement. Any objection to the settlement must be mailed or delivered such that it is **received** by each of the following no later than March 10, 2006:

*Court:*

Clerk of the Court
UNITED STATES OF DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

*Lead Counsel for Lead Plaintiff in the Litigation:*

Ellen Gusikoff Stewart
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Jennifer W. Sprengel
MILLER FAUCHER AND CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602

*Counsel for Defendants:*

Harold Hirshman
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

### 19. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 20. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 9:30 a.m., on March 17, 2006, at the United States Courthouse, 219 South Dearborn Street, Courtroom Number 2303, Chicago, Illinois 60604. At the hearing the court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the court will consider them. The presiding judge will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Plaintiff's Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 21.    Do I Have To Come to the Hearing?

No. Plaintiff's Settlement Counsel will answer questions the judges may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. So long as you delivered your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 22.    May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter to the Court saying that it is your intention to appear at the hearing. Be sure to include your name, address, telephone number, your signature, and the number and type of shares of Salton securities purchased between November 11, 2002 and May 11, 2004. Your notice of intention to appear must be **received** no later than March 10, 2006, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing at All?

If you do nothing, you'll get no money from this settlement. But unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against the Defendants about the same legal issues in this case.

### GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement dated as of December 19, 2005. You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West

- 13 -

Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's office at the United States District

Court for the Northern District Of Illinois, Eastern Division, during regular business hours.

## 25. How Do I Get More Information?

You can call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Lerach Coughlin

Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or

visit the Claims Administrator's website at www.gilardi.com.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

If you hold any Salton securities purchased between November 11, 2002 and May 11, 2004

as nominee for a beneficial owner, then within ten (10) days after you receive this Notice you must

either (1) send a copy of this Notice by first class mail to all such Persons or (2) provide a list of the

names and addresses of such Persons to the Claims Administrator:

> *Salton Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

Claims Administrator (without cost to you) as many additional copies of these documents as you

will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the

mailing performed for you, you may obtain reimbursement for or advancement of reasonable

administrative costs actually incurred or expected to be incurred in connection with forwarding the

Notice and which would not have been incurred but for the obligation to forward the Notice, upon

submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2005          PREPARED BY PLAINTIFF'S CO-LEAD
                                        COUNSEL PURSUANT TO AUTHORITY OF
                                        THE COURT

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\A1-00026392.doc

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-C-3658 |
| | ) | Judge Milton I. Shadur |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SALTON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the class based on your claims in the action entitled *Beeler v. Salton, Inc.*, Case No. 04-CV-3658 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE SO THAT IT IS **RECEIVED** ON OR BEFORE _____, 2006, ADDRESSED AS FOLLOWS:

> *Salton Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    DEFINITIONS

1.    "Defendants" means Salton, Inc., Leonhard Dreimann and David M. Mulder.

2.    "Individual Defendants" means Leonhard Dreimann and David M. Mulder.

3.    "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.    CLAIMANT IDENTIFICATION

1.    If you purchased Salton securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

**2.**    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Salton securities which forms the basis of this claim.  **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE SALTON SECURITIES UPON WHICH THIS CLAIM IS BASED.**

3.    All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.    Use Part II of this form entitled "Schedule of Transactions in Salton Securities" to supply all required details of your transaction(s) in Salton securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

- 2 -

2. On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Salton securities which took place at any time beginning November 11, 2002 through May 11, 2004, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. Broker confirmations or other documentation of your transactions in Salton securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

- 3 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*Beeler v. Salton, Inc., et al.*

Case No. 04-CV-3658

PROOF OF CLAIM

Must be **Received** No Later Than:

_____, 2006

Please Type or Print

PART I:     CLAIMANT IDENTIFICATION

---

Beneficial Owner's Name (First, Middle, Last)

---

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | |
|---|---|
| Foreign Province | Foreign Country |

| | Individual |
|---|---|
| Social Security Number or Taxpayer Identification Number | Corporation/Other |

| | (work) |
|---|---|
| Area Code | Telephone Number |

| | (home) |
|---|---|
| Area Code | Telephone Number |

---

Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN SALTON SECURITIES

    A.    Number and type of shares of Salton securities held at the beginning of trading on
          November 11, 2002:    Type of Security    _____
                                          Number of Shares    _____

    B.    Salton securities Purchases (November 11, 2002 – May 11, 2004, inclusive):

| Trade Date Mo. Day Year | Type of Securities Purchased | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

    C.    Salton securities Sales (November 11, 2002 – May 11, 2004, inclusive):

| Trade Date Mo. Day Year | Type of Securities Sold | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

    D.    Number and type of shares of Salton securities held at close of trading on May 11,
          2004::                 Type of Security    _____
                                      Number of Shares    _____

If you require additional space, attach extra schedules in the same format as above. Sign and print
your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of December ___, 2005 ("Stipulation") described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division with respect to my claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Plaintiff's Settlement Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Salton securities during the Class Period and know of no other Person having done so on my behalf.

## VI. RELEASE

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as the Defendants or any of their families, all corporations and partnerships controlled directly or indirectly by them, and its and their parent entities, affiliates or subsidiaries and each and all of their respective past, present or future directors, officers, employees, consultants, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, heirs, executors, personal or legal representatives, and its and their family members, estates, administrators, predecessors, successors, parents, subsidiaries, divisions, joint ventures and assigns.

2.      "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities, actions and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, that have been

- 6 -

or might have been asserted in the Litigation, including, without limitation, claims for negligence, gross negligence, omissions, breach of duty of care and/or breach of any other duty, fraud, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiff or any Class Member against the Defendants or their Related Parties arising out of, based upon or related in any way to the following: (a) the purchase of Salton Securities by the Lead Plaintiff or any Class Member during the Class Period and the allegations set forth or that could have been set forth in the Litigation by the Lead Plaintiff; and (b) any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation.

3.      "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be

- 7 -

true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Salton securities that occurred during the Class Period as well as the number and type of shares of Salton securities held by me (us) at the opening of trading on November 11, 2002, and at the close of trading on May 11, 2004.

- 8 -

## SUBSTITUTE FORM W-9

### Request for Taxpayer Identification Number ("TIN") and Certification

## PART I

NAME:_____

Check appropriate box:

☐    Individual/Sole Proprietor        ☐    Pension Plan
☐    Corporation      ☐    Partnership    ☐    Trust
☐    IRA             ☐    Other

Enter TIN on appropriate line.

o    For individuals, this is your Social Security Number ("SSN").

o    For sole proprietors, you must show your individual name, but your may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

o    For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _     or     _ _ - _ _ _ _ _ _ _
Social Security Number         Employer Identification Number

## PART II

### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

## PART III

### Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or

> dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:       If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other

than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,

(Month/Year)

in _____, _____.

(City)                                (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.       Please sign the above release and declaration.

2.       Remember to attach supporting documentation, if available.

3.       Do not send original stock certificates.

4.        Keep a copy of your claim form for your records.

5.        If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.        If you move, please send us your new address.

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\A2-00026393.doc

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 04-CV-3658

CLASS ACTION

WARREN BEELER, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

SALTON, INC., et al.,

                    Defendants.

SUMMARY NOTICE

EXHIBIT A-3

TO:    ALL PERSONS WHO PURCHASED SALTON, INC. ("SALTON") SECURITIES DURING THE PERIOD BEGINNING NOVEMBER 11, 2002 THROUGH MAY 11, 2004, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

for the Northern District of Illinois, Eastern Division, that a hearing will be held on March 17, 2006,

at 9:30 a.m., before the Honorable Milton I. Shadur at the United States Courthouse, 219, South

Dearborn Street, Courtroom 2303, Chicago, Illinois, for the purpose of determining (1) whether the

proposed settlement of the claims in the Litigation for the sum of $3,000,000 in cash should be

approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this litigation should

be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of December 19,

- 1 -

2005; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Plaintiff's Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this litigation should be approved.

If you purchased Salton securities during the period November 11, 2002 through May 11, 2004, inclusive, your rights may be affected by the settlement of this litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Salton Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912, or downloading them at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release to be **received** no later than July 17, 2006, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a Request for Exclusion to be **received** by March 10, 2006, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who have not requested exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be mailed or delivered such that it is **received** by each of the following no later than March 10, 2006:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> EASTERN DIVISION
> 219 South Dearborn Street
> Chicago, IL 60604
>
> *Lead Counsel for Lead Plaintiff in the Litigation*:

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

MILLER FAUCHER AND CAFFERTY LLP
JENNIFER W. SPRENGEL
30 North LaSalle Street, Suite 3200
Chicago, IL 60602

*Counsel for Defendants:*

SONNENSCHEIN NATH & ROSENTHAL LLP
HAROLD HIRSHMAN
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.** If you have any questions about the settlement, you may contact Lead Counsel at

the address listed above.

DATED: _____        PREPARED BY PLAINTIFF'S CO-LEAD
                                  COUNSEL PURSUANT TO AUTHORITY
                                  OF THE COURT

S:\Settlement\Salton.set\A3-00026397.doc

- 3 -

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WARREN BEELER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 04-C-3658 |
| | ) | Judge Milton I. Shadur |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SALTON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

FINAL ORDER OF DISMISSAL WITH PREJUDICE JUDGMENT

EXHIBIT B

This matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2006, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December ___, 2005 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

- 1 -

5. Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

6. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, each and all of the Class Members and Plaintiff's Settlement Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Plaintiff's Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

-2-

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

- 3 -

in such event, all orders entered and releases delivered in connection herewith shall be null and void

to the extent provided by and in accordance with the Stipulation.

DATED: _____          _____
                                  MILTON I. SHADUR
                                  UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\EB-00026394.doc