IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARREN BEELER, etc., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 04 C 3658 |
| SALTON, INC., et al., | ) ) ) |
| Defendants. | ) |

## FINAL ORDER OF DISMISSAL AND JUDGMENT

This matter came before this Court for hearing, pursuant to its order dated December 27, 2005 ("Order"), on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 19, 2005 (the "Stipulation"). Due and adequate notice of the settlement has been given as required in the Order, and this Court has considered all papers filed and proceedings held in this action and is otherwise fully informed in the premises. Based on those matters, and with good cause appearing therefor, it is hereby ordered, adjudged and decreed that:

1. This order and Judgment incorporate by reference the definitions in the Stipulation, and all terms used in this order and Judgment shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. No Persons have validly and timely requested exclusion from the Class. Accordingly the Litigation and all claims contained therein, including all of the Released Claims, are dismissed as to the Lead Plaintiff and all other Class Members, and as against each and all of the Released Persons. All parties are to bear their own costs except as otherwise provided in the Stipulation.

4. Pursuant to Fed. R. Civ. P. ("Rule") 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is in all respects fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. All Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and

forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not any such Class Member executes and delivers a Proof of Claim and Release form.

6. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7. Upon the Effective Date each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members and Plaintiff's Settlement Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice, all as provided for in the Order Preliminarily Approving Settlement and Providing for Notice, constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. That notice provided the best notice practicable under the

circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and the notice fully satisfied the requirements of Rule 23, the requirements of due process and any other applicable law.

9. Any plan of allocation submitted by Plaintiff's Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants or their Related Parties may file the Stipulation or the Judgment or both in any other action that

may be brought against them, whenever such filing is deemed by them to be called for to support a defense or counterclaim based on principles of claim preclusion, issue preclusion, release, good faith settlement, judgment bar or reduction or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction: (a) over implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) over disposition of the Settlement Fund; (c) over the hearing and determination of applications for attorneys' fees and expenses in the Litigation; and (d) over all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

12. This Court finds that during the course of the Litigation the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11.

13. If the settlement does not become effective in accordance with the terms of the Stipulation, or if the Effective Date does not occur, or if the Settlement Fund or any portion thereof is returned to the Defendants, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event all orders entered and releases

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 17, 2006